# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| v. | : | Crim. No. 10-525 |
| TYRONE BENTLEY | : | |

# O R D E R

*Pro se* Inmate Tyrone Bentley seeks § 2255 relief, arguing that his conviction on Count 3 of his Indictment should be vacated following the Supreme Court's decision in United States v. Davis. 139 S. Ct. 2319 (2019); (Doc. Nos. 150, 152, 164); 28 U.S.C. § 2255. The Government opposes his Motion, which I will deny. (Doc. No. 168.)

## I.  LEGAL AND PROCEDURAL BACKGROUND

On July 3, 2010, Bentley and an accomplice robbed a bank. PSR at 3. Bentley brandished a stun gun; his accomplice brandished a handgun. Trial Tr. 32:20-33:1, 36:6-37:13, 48:8-50:12, 52:3-54:7, Jan. 4, 2012; Trial Tr. 43:9-25, 81:5-82:3, 132:20-133:1, Jan. 5, 2012. No one else was involved in the robbery. PSR at 3-6. Bentley took some $38,000 but was caught after fleeing from the police first in a minivan and then on foot. Id. at 4-6.

On August 12, 2010, the grand jury charged Bentley with conspiracy to commit armed bank robbery in violation of 18 U.S.C. §§ 371 and 2113(d) (Count 1); armed bank robbery and aiding and abetting in violation of 18 U.S.C. § 2113(d) (Count 2); and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting in violation of 19 U.S.C. § 924(c)(1) (Count 3). (Doc. No. 1.)

Count 3 (which Defendant now challenges) provided as follows:

On or about July 3, 2010, in Feasterville Trevose, in the Eastern District of Pennsylvania, defendant Tyrone Bentley, and a person known to the grand jury as

bank robber #2, knowingly carried and used, and aided and abetted the carrying and use of, a firearm, that is, a handgun, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, conspiracy to commit armed bank robbery, in violation of Title 18, United States Code, Section 371, and armed bank robbery and aiding and abetting, in violation of Title 18, United States Code, Sections 2113(d) and 2. In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

(Doc. No. 1.)

Trial took three days. In charging the jury, I instructed them as follows respecting Count 3:

Count 3 of the indictment charges the defendant, Tyrone Bentley, with using and carrying a firearm during a crime of violence, which is a violation of federal law. The offense alleged in Count 2 is a crime of violence. To find the defendant guilty of the offense charged in the indictment you must find that the Government proved each of the following three elements beyond a reasonable doubt. First, that the defendant committed the crime of armed bank robbery, as charged in Count 2 in the indictment; second, that during and in relation and in the commission of that crime the defendant knowingly used or carried a firearm. The phrase "uses or carries a firearm" means having a firearm or firearms available to assist or aid in the commission of the armed bank robbery….Third, that the defendant used or carried the firearm during and in relation to the armed bank robbery….In this case the Government alleges that the defendant aided and abetted the alleged principal in committing armed bank robbery and carrying and using a firearm during a crime of violence as charged in Counts 2 and 3 of the indictment. In order to find the defendant guilty of armed bank robbery and carrying and using a firearm in furtherance of a crime of violence because he aided and abetted the alleged principal in committing these offenses you must find that the Government proved beyond a reasonable doubt each of the following four requirements. First, that the alleged principal committed the offenses charged by committing each of the elements of the offenses charged as I have explained those elements to you in these instructions….Second, that the defendant knew that the offense—the offenses charged were going to be committed or were being committed by the alleged principal; third, that the defendant knowingly did some act for the purpose of aiding the alleged principal in committing the specific offenses charged and with the intent that the alleged principal commit those specific offenses; and, fourth, that the defendant's acts did in some way aid the alleged principal to commit the [*sic*] offenses.

Trial Tr. 171:11-172:9, 174:7-175:10, Jan. 6, 2012.

The Parties jointly submitted a verdict sheet which I approved and gave to the jury. The

2

portion respecting Count 3 provided as follows:

> Count Three: Using and Carrying a Firearm During a Crime of Violence and Aiding and Abetting[.] We, the jury, unanimously find the defendant, Tyrone Bentley…"

(Doc. Nos. 69, 86.)

The jury convicted Bentley of all charges. Trial Tr. 183:9-186:9; (Doc. No. 86.)

On August 22, 2012, I sentenced Bentley to 408 months' incarceration: 60 months on Count 1; 108 months on Count 2, to be served concurrently with Count 1; and a mandatory minimum term of 300 months on Count 3, to be served consecutively to the terms imposed on Counts 1 and 2. (Doc. No. 107). On June 13, 2013, the Third Circuit affirmed. (Doc. No. 110.) Bentley sought § 2255 relief, which I denied. (Doc. Nos. 118, 129.) The Third Circuit subsequently granted Bentley permission to file the instant Motion. (Doc. No. 149.)

Bentley now seeks release under § 2255, arguing that his conviction on Count 3 is invalid. 28 U.S.C. § 2255; (Doc. No. 150.) The Government opposes his Motion. (Doc. No. 168.) On September 7, 2021, I appointed Carina Laguzzi to represent Bentley. (Doc. No. 174.) On October 20, 2021, she filed a counseled Reply to the Government's Response. (Doc. No. 175.) The matter has been fully briefed.

## II. LEGAL STANDARD

I may grant relief under § 2255 where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States,…was in excess of the maximum authorized by law, or is otherwise subject to collateral attack;" or (2) "the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). "[W]here the record affirmatively indicates that the claim for relief is without merit," I may deny relief without holding an evidentiary hearing. Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972).

## III. DISCUSSION

Bentley has submitted numerous, discursive memoranda, making it difficult to determine the substance of his Motion. (See Doc. Nos. 151-52, 164-66, 169-73.) I must construe Bentley's filings liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Higgs v. Att'y Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011). Bentley appears to argue that because the Indictment and the Jury Verdict Sheet do not specify whether his § 924(c) violation (Count 3) must be predicated on armed bank robbery (Count 2) or conspiracy to commit armed bank robbery (Count 1), I must presume that Count 3 was predicated on the lesser conspiracy charge. (Doc. Nos. 152, 164.) He further argues that if his § 924(c) conviction was predicated on the conspiracy charge, it must be vacated because conspiracy is not a crime of violence.

### A. Crime of Violence

Section 924(c) carries a mandatory minimum consecutive sentence for "any person who, during and in relation to any crime of violence…uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Bentley argues that his conspiracy offense was statutorily defined as a crime of violence only under § 924(c)(3)(B)—the "residual clause." (Doc. No. 122.) In United States v. Davis, the Supreme Court held that the residual clause was unconstitutionally vague. 139 S. Ct. at 2324. Bentley thus argues that conspiracy cannot be a predicate crime of violence under § 924(c)(3).

The Government concedes that conspiracy to commit armed bank robbery no longer qualifies as a crime of violence. (Doc. No. 168 at 5.) The Government argues, however, that Bentley was properly convicted on Count 3 based on the predicate crime of armed bank robbery. The Third Circuit has held that armed bank robbery is a crime of violence under § 924(c)(3)'s surviving elements clause. United States v. Johnson, 899 F.3d 191, 203-04 (3d Cir. 2018) (citing

4

18 U.S.C. § 924(c)(3)(A)).

### B. Bentley's Crime of Violence

Bentley's § 924(c) conviction was predicated on armed bank robbery. Once again, in defining armed bank robbery, I explicitly instructed the jury that it could base any Count 3 conviction only on Count 2—armed bank robbery. Trial Tr. 171:11-172:9, 174:7-175:10, Jan. 6, 2012. Accordingly, even though the Indictment and Jury Verdict Sheet (Doc. Nos. 1, 86) do not specify whether Count 3 could be predicated on Count 1 or 2, the jury was instructed that only Count 2 was a crime of violence and that a guilty verdict on Count 3 had to be based on Count 2 alone. This was a correct statement of the law. See Johnson, 899 F.3d at 203-04; see also Davis, 139 S. Ct. at 2324.

In these circumstances, there was no possibility that the jury based its Count 3 verdict on Count 1. See Weeks v. Angelone, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow" the trial judge's instructions). Moreover, given that the evidence showed without contradiction that Bentley and his confederate were both active participants (and, indeed, the only participants) in the robbery, that Bentley brandished a stun gun, and that his confederate brandished a firearm, there could be "no reasonable possibility that the jury based its § 924(c) convictions only on the conspiracy as opposed to the bank-robbery counts." United States v. Wilson, 960 F.3d 136, 151 (3d Cir. 2020) (citing United States v. Duka, 671 F.3d 329, 356 (3d Cir. 2011)) (internal quotations omitted); see also United States v. Bledsoe, No. 20-2733 2021 WL 688807, at *1 (3d Cir. Jan. 11, 2021).

In sum, there was no error, and I will deny Bentley's Motion.

### IV. CONCLUSION

I will deny Bentley's § 2255 Motion without an evidentiary hearing. Because reasonable

jurists would not debate the correctness of my ruling, I will not issue a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

* * *

**AND NOW**, this 29th day of October, 2021, upon consideration of Defendant Tyrone Bentley's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 150); the Government's Response to Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 168); Defendant's counseled Supplemental Reply to Government's Response (Doc. No. 175); Defendant's supplemental *pro se* submissions (Doc. Nos. 151-52, 164-66, 169-73); and all related submissions, it is hereby **ORDERED** that:

1. Defendant's Motion (Doc. No. 150) is **DENIED**;
2. A Certificate of Appealability **SHALL NOT ISSUE**;
3. The **CLERK OF COURT** shall **CLOSE** this case.

                                                  **AND IT IS SO ORDERED.**

                                                  */s/ Paul S. Diamond*
                                                  Paul S. Diamond, J.