

RECEIVED
DEC 1 3 2021
U.S.C.A. 3rd. CIR

# IN THE UNITED STATES COURT OF APPEALS

UNITED STATES OF AMERICA :
          V.           :   Crim. No. 10-525

TYRONE BENTLEY     :

## In re: REQUEST TO FILE AN NOTICE OF APPEALS

Dear Clerk,

       I am requestion to File an notice of appeal to the above ORDERS (Doc. No. 168) and (Doc. No. 177.) See. Inclosed.

Claim 1 : The dictrict Court did not consider
         Paragraphs Incorporated by reference.
AS Chared in Count two. When denying DAVIS
Claim.

                Tyrone Bentley
                Date : 12-7-21

The Charging Portion Under Count Two States:
The grand Jury Futher Charges that 1.
Paragraph 2 and overt Acts 1 through 4 of
Count one of this indictment are Incorporated here.
along with "armed bank robbery". by the grand
Jury Charing the "essential elements" of the
Conspiracy offense along with armed bank robbery,
makes count two a non violent offense under DAVIS
Which the district court did not consider.

In Short, Count two expressly incorporated
by reference. the "essential elements" of the
Conspiracy offense. appelent asks this court to
Consider the Following, the charging Portion of
Count two, which includes Paragraph 2 and overt Acts
1 through 4 of count one, which are the "essential
elements" that most be Proved under a Conspiracy
offense. those charges are expressly incorporated
by reference. along with "armed bank robbery", in
count two. The Charging Portion under Paragraph 2 and Overt
Acts 1 through 4 Should be Considered as part of the charging
Portion of Count two. Count two charged by expressly incorporated
by reference, the allegations of the "essential elements" of
Conspiracy along with "armed bank robbery" which under DAVIS
is not a crime of Violence.

BANISTER V. DAVIS, 139 S.CT. 2742, 204 L.E.D.2D 1130,2019 U.S. LEXIS 4223 ( U.S.JUNE 24, 2019)

MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59(E)") ' MANIFEST ERROR; ' new trial under rule 59(B)")

Appellant challenges this court's decision under RULE 59(E) and RULE 59(B) BY ascribing error to this court's decision, in denying appellant DAVIS claim. appellant submits the need to correct a clear error of law or fact or to prevent a manifest injustice manifest error. see MAX'S SEA FOOD V, QUINTEROS, 176 F.3D 699,677 (3d. cir. 1999). appellant also seeks an issue of a Certificate Of Appealability, and also requesting that this court reconsider a just-issued judgment by issuing a new trial. under RULE 59(B)").

An indictment must "be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7 (c)(i). "An indictment is sufficient if it: 1) 'contains the elements of the offense intended to be charged,' 2) 'sufficiently apprises the defendant of what he must prepared to meet,' and 3) allows the defendant to 'show [] with accuracy to what extent he may plead a former acquittal or conviction' in the event of a subsequent prosec-ution." United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989) (quoting Russell v. United States, 369 U.S. 749, 763-64 (1962)). The indictment is "generally sufficient" when it "set[s] forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" Hamling v. United States, 418 U.S. 87, 116, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) (quoting United States v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135 (1882)). The Court must take each Count (including paragraphs incorporated from other counts) "as a whole," read it "reasonably," and give it "fair con-struction," but may not ignore the "precise manner" in which

it is drawn. United States v. Schramm, 75 F. 3d 156, 162 (3d Cir. 1996)

# STATEMENT OF THE FACTS

See ORDER Page 5   the district court "I explicitly instructed the Jury that it could base any Count 3 conviction only on Count 2 - armed bank robbery. Accordingly, even though the indictment and Jury Verdict sheet (Doc. Nos. 1, 86) do not specify whether Count 3 could be predicated on Count 1 or 2, the Jury was instructed that only Count 2 was a crime of violence and that a guilty Verdict on count 3 had to be based on count 2 alone. "This was a correct statement of the Law."
   **GIVEN THIS INSTRUCTION TO THE JURY WAS ERROR**

Appellet demonstrates by making emphasis on Count two of his indictment, count two statet that: The grand Jury futher charges that : Paragraph 2 and overt acts 1 through 4 of count one of this indictment are incorporated here by referncing (armed bank robbey) When instructing the Jury the trial Court redacted

the terms Further Charge Paragraph 2 and overt acts
1 through 4 of count one of this indictment are incorporated
into (armed bank robbery)" I will send a copy of the indictment
to the jury room with you to aid you in your deliberations
together with a verdict sheet that corresponds to the
charges in the indictment. Keep in mind that the
indictment represents a formal method of charging
someone with the commission of a crime. See (J.c.
page 157). to the jury appellent was charged with
Paragraphs incorporated from other counts, 'count one'
Thus, given the jury was provided with all of the
Predicates listed in the unredacted indictment, this
in advertant error confused the jury, due to the dis-
crepancy between the indictment and jury instructions.
Clearly supporting appellant's position of tangible confusion.
However, it is apparent that the district court did not consider
this crucial evidence in rendering it's decision see
(ORDER page 5). However, contrary to the district
court's reasoning the jury instructions which are taken
as a whole; 'indictment'. See United States v. Schramm,
75 F.3d 156, 162 (3d. cir. 1996). as well as all the other
relevant Shepard documents domonstrated by a perpon-
derance of the evidence that it was error for the district
court to have made such a conclusive finding. See

4

United States v. Washington, 629 F.3d. 910 (4th-Cir. 2011)(applying a Preponderance of the evidence standard in modified categrical cases to district court's evalution of Shepard documents. In reviewing all the Shepard documents available in this case i.e., the unredacted indictment, Jury instructions, and Verdict Form, See Omarghirih v. Holder, 775.3d.192 n.10 (4th cir. 2014), the reliance on Jury instructions alone cannot suffice to Support the district court's decision on appellant's DAVIS claim. (See ORDER) Stating that " the Jury instructions conclusively establish that [appellant] was convicted only of armed bank robbery."   as no argument was made nor instructions given to the Jury as to the incorporated paragraph from other counts ( i.e. count one ). Moreover, the Jury was given a copy of the unredacted indictment to aid them in there diliberations " the items under each count " and Verdict sheet whether it's verdict as to whether appellant was " guilty or not guilty of all charge listed on the grand Jury indictment "(including paragraphs incorporated from other counts)". this more than demostrates the Jury confusion given it's exposure to the " extrinsic information " contained in the unredacted indictment. See —

5

United States v. Siegleman, 467 F. Supp.2d. 1253, 1276 (N.D. Ala. 2006) (Finding that unredacted indictment necessarily constitute extrinsic information), See also, United States v. Coleman, 552 F.3d. 853, 857 (D.C. Cir. 2009) (exposure to unredacted infor indictment reversible error); United States v. Walker, 557 F.2d. 741 (10th Cir.1977) (reversing and remanding case because of the potential for jury confusion created by the conflicting language in the indictment and the jury instructions). the district court appears to dismiss as irrelevant that the jury was provided with the und unredacted indictment which charged "Count two" "THE GRAND JURY FUTHER CHARGES THAT: 1. Paragraph 2 and overt acts 1 through 4 of count one of this indictment are incorporated here." in reference to armed bank robbery, thus, ignoring the affect this error had on the jury's general verdict. See (BENTLEY Doc.No. P. 151-169). Stating that "in reading count two the district court did not read to the jury (including Paragraphs incorporated from other counts 'Conspiracy'. However, it is now apparent that they the jury has this information squarely placed before it in the unredacted indictment. thus, at this late hour it is not enough to simply acknowledge that the jury was provided this

extrinsic information. See (J.C. P. 157) ("Count-two of the indictment includes Paragraphs incorporated from other counts, 'conspiracy language'). What is of import is the fact that in this shepard ducument the Jury was exposed to this extrinsic information, and more importantly, is the fact that the Jury rendered a general verdict making it impossible to determine "not what might have been done but by what in fact, was done." See United States v. Barrington, 662 F.2d. 1046, 1050 (4th cir. 1981) ("Legal consequences ordinarily flow from what has actually happend, not from what [the Jury] might have done from the advantage of hind sight .... [t]he precise manner in which an indictment is drawn cannot be ignored")(quoting United States v. Sanabria, 437 U.S. 54, 65-66 (1998)).

## CONCLUSION

9

In short, under Count two of the indictment the essential elements of count one was charged into count two 'Paragraphs incorporated by reference" the essential elements of a conspiracy charge, which st set forth what most be proved  Under a conspiracy offense. Which was not instructed to the Jury, it is well settled that a defendant has a Fifth amendment right to be tried only on charges Presented in an indictment return by a grand Jury ... However, Narrow the scope of the indictment, where through Proof of a lesser offense offered at trial, or by redaction, does not offend the notice and review Functions served by a grand Jury's issuance of an indictment.

The trial Court " I explicitly instructed the Jury that it could base any count 3 conviction on Count 2 - armed bank robbery - accordingly, even though the indictment and Jury Verdict (Doc, Nos, 1, 86) do not specify whether Count 3 could be Predicted on Count 1 or 2, the Jury was instructed that only count 2 was a crime of Violence and the guilty Verdict on Count 3 had to be based on count 2 alone. " See (ORDER Page 5)

This is the Point of error that appellant Submit under the need to correct a clear error of law.

8

No argument was made nor instructing given to the Jury as to the including of the essentail elements oF a conspiracy charge incorporated by reference from the other charged count, 'count one' the charging Paragraph of count one ' Paragraph 2 and overt Acts 1 through 4. this was error, the court must take each count (including Paragraphs incorporated from other counts "as a whole, "read it "reasonably, "and give it "Fair Construction, "but may not ignore the "Precise manner" in which it is drawn. See United States v. Schramm, 75 F.3d 156, 162 (3d cir. 1996) also See United States v. Howard, 271 F. Supp. 2d. 79, 89 (D.D.C. 2002) recognizing that "if one ~~con~~ count incorporates Paragraphs from another count, the incor-Porated Paragraph to may be considered in determing Whether a count is Properly [charged as an offense"].

Therefore, an "examination of all the documents for review the Unredacted indictment, Jury instructions, and Verdict Form. two of Which Solidifies the DAVIS et error.
Appellent submit these facts to clarify Purfortedly over Look by the district court when denying appellent DAVIS claim.

9

Appellent submits this error that the district court
did not instruct the Jury by taking Count two and
reading it as a whole by including Paragraph incor-
porated by reFernce from another count "count one"
the distract court ignored the "precise manner"
in which count two has been drawn. Appellent
Submits by 'reading count two as a whole, count
two charges Conspiracy to commit armed bank
robbery', which the government conceds that con-
spiracy to commit armed bank robbery no longer
qualifies as a Crime of Violence. under DAVIS.
Each count of an indictment must be regarded as if
it were a sp separate indictment and must stand on it's
own content without dependence for its validity on the
allegations of any other count not expressly incorporated.
We have previously stated that the validity of an indict-
ment is determent determined from reading it as a whole.
But that does not mean factual allegations in one count are
somehow automatically incorporated into other counts. To the
Contrary, Courts have explained that when allegations
in one count are incorporated into another count under
Fed. R. Crim. P. 7 (c), Such incorporation must be
express, there is no need to look beyond the borders
of a particular count to determine what offense is charged;

10

indeed, it is generally imporper to do so except where a Count incorporates other allegations expressly, as permitted by Fed. R. Crim. P. 7(c)(1). While it is true that an allegation made in one count of a indictment may be incorporated by reference in another count of the indictment, any such incorporation must be expressly done. Each Count of an indictment must stand on it's own, and cannot depend for its validity on the allegations of any other count not specifically incorporated.

Appellent has shown under a mainifest error of Law that there was error in the district court decision in deying appellent DAVIS claim. appellent ask this court to Correct this error by granding his DAVIS claim or Issue a Certificate of Appealiblity, or to issue a new trial under 59(B)") so that appellent may be tried only on charges bought by the grand Jury under the Fifth amendment, right to indictment.

respectfully submitted

/s/ Tyrone Bentley

Date: 11-15-2021

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 10-525 |
| | : | |
| TYRONE BENTLEY | : | |
| | : | |

## O R D E R

*Pro se* Inmate Tyrone Bentley seeks § 2255 relief, arguing that his conviction on Count 3

of his Indictment should be vacated following the Supreme Court's decision in United States v.

Davis. 139 S. Ct. 2319 (2019); (Doc. Nos. 150, 152, 164); 28 U.S.C. § 2255.  The Government

opposes his Motion, which I will deny.  (Doc. No. 168.)

## I.    LEGAL AND PROCEDURAL BACKGROUND

On July 3, 2010, Bentley and an accomplice robbed a bank.  PSR at 3.  Bentley brandished

a stun gun; his accomplice brandished a handgun.  Trial Tr. 32:20-33:1, 36:6-37:13, 48:8-50:12,

52:3-54:7, Jan. 4, 2012; Trial Tr. 43:9-25, 81:5-82:3, 132:20-133:1, Jan. 5, 2012.  No one else was

involved in the robbery.  PSR at 3-6.  Bentley took some $38,000 but was caught after fleeing from

the police first in a minivan and then on foot.  Id. at 4-6.

On August 12, 2010, the grand jury charged Bentley with conspiracy to commit armed

bank robbery in violation of 18 U.S.C. §§ 371 and 2113(d) (Count 1); armed bank robbery and

aiding and abetting in violation of 18 U.S.C. § 2113(d) (Count 2); and using and carrying a firearm

during and in relation to a crime of violence and aiding and abetting in violation of 19 U.S.C. §

924(c)(1) (Count 3).  (Doc. No. 1.)

Count 3 (which Defendant now challenges) provided as follows:

On or about July 3, 2010, in Feasterville Trevose, in the Eastern District of
Pennsylvania, defendant Tyrone Bentley, and a person known to the grand jury as

bank robber #2, knowingly carried and used, and aided and abetted the carrying and use of, a firearm, that is, a handgun, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, conspiracy to commit armed bank robbery, in violation of Title 18, United States Code, Section 371, and armed bank robbery and aiding and abetting, in violation of Title 18, United States Code, Sections 2113(d) and 2. In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

(Doc. No. 1.)

Trial took three days. In charging the jury, I instructed them as follows respecting Count 3:

Count 3 of the indictment charges the defendant, Tyrone Bentley, with using and carrying a firearm during a crime of violence, which is a violation of federal law. The offense alleged in Count 2 is a crime of violence. To find the defendant guilty of the offense charged in the indictment you must find that the Government proved each of the following three elements beyond a reasonable doubt. First, that the defendant committed the crime of armed bank robbery, as charged in Count 2 in the indictment; second, that during and in relation and in the commission of that crime the defendant knowingly used or carried a firearm. The phrase "uses or carries a firearm" means having a firearm or firearms available to assist or aid in the commission of the armed bank robbery....Third, that the defendant used or carried the firearm during and in relation to the armed bank robbery....In this case the Government alleges that the defendant aided and abetted the alleged principal in committing armed bank robbery and carrying and using a firearm during a crime of violence as charged in Counts 2 and 3 of the indictment. In order to find the defendant guilty of armed bank robbery and carrying and using a firearm in furtherance of a crime of violence because he aided and abetted the alleged principal in committing these offenses you must find that the Government proved beyond a reasonable doubt each of the following four requirements. First, that the alleged principal committed the offenses charged by committing each of the elements of the offenses charged as I have explained those elements to you in these instructions....Second, that the defendant knew that the offense—the offenses charged were going to be committed or were being committed by the alleged principal; third, that the defendant knowingly did some act for the purpose of aiding the alleged principal in committing the specific offenses charged and with the intent that the alleged principal commit those specific offenses; and, fourth, that the defendant's acts did in some way aid the alleged principal to commit the [sic] offenses.

Trial Tr. 171:11-172:9, 174:7-175:10, Jan. 6, 2012.

The Parties jointly submitted a verdict sheet which I approved and gave to the jury. The

2

portion respecting Count 3 provided as follows:

> Count Three: Using and Carrying a Firearm During a Crime of Violence and Aiding and Abetting[.]  We, the jury, unanimously find the defendant, Tyrone Bentley…"

(Doc. Nos. 69, 86.)

The jury convicted Bentley of all charges.  Trial Tr. 183:9-186:9; (Doc. No. 86.)

On August 22, 2012, I sentenced Bentley to 408 months' incarceration: 60 months on Count 1; 108 months on Count 2, to be served concurrently with Count 1; and a mandatory minimum term of 300 months on Count 3, to be served consecutively to the terms imposed on Counts 1 and 2.  (Doc. No. 107).  On June 13, 2013, the Third Circuit affirmed.  (Doc. No. 110.) Bentley sought § 2255 relief, which I denied.  (Doc. Nos. 118, 129.)  The Third Circuit subsequently granted Bentley permission to file the instant Motion.  (Doc. No. 149.)

Bentley now seeks release under § 2255, arguing that his conviction on Count 3 is invalid. 28 U.S.C. § 2255; (Doc. No. 150.)  The Government opposes his Motion.  (Doc. No. 168.)  On September 7, 2021, I appointed Carina Laguzzi to represent Bentley.  (Doc. No. 174.)  On October 20, 2021, she filed a counseled Reply to the Government's Response.  (Doc. No. 175.)  The matter has been fully briefed.

## II.  LEGAL STANDARD

I may grant relief under § 2255 where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States,…was in excess of the maximum authorized by law, or is otherwise subject to collateral attack;" or (2) "the court was without jurisdiction to impose such sentence."  28 U.S.C. § 2255(a).  "[W]here the record affirmatively indicates that the claim for relief is without merit," I may deny relief without holding an evidentiary hearing.  Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972).

3

## III. DISCUSSION

Bentley has submitted numerous, discursive memoranda, making it difficult to determine the substance of his Motion. (See Doc. Nos. 151-52, 164-66, 169-73.) I must construe Bentley's filings liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Higgs v. Att'y Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011). Bentley appears to argue that because the Indictment and the Jury Verdict Sheet do not specify whether his § 924(c) violation (Count 3) must be predicated on armed bank robbery (Count 2) or conspiracy to commit armed bank robbery (Count 1), I must presume that Count 3 was predicated on the lesser conspiracy charge. (Doc. Nos. 152, 164.) He further argues that if his § 924(c) conviction was predicated on the conspiracy charge, it must be vacated because conspiracy is not a crime of violence.

### A. Crime of Violence

Section 924(c) carries a mandatory minimum consecutive sentence for "any person who, during and in relation to any crime of violence…uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Bentley argues that his conspiracy offense was statutorily defined as a crime of violence only under § 924(c)(3)(B)—the "residual clause." (Doc. No. 122.) In United States v. Davis, the Supreme Court held that the residual clause was unconstitutionally vague. 139 S. Ct. at 2324. Bentley thus argues that conspiracy cannot be a predicate crime of violence under § 924(c)(3).

The Government concedes that conspiracy to commit armed bank robbery no longer qualifies as a crime of violence. (Doc. No. 168 at 5.) The Government argues, however, that Bentley was properly convicted on Count 3 based on the predicate crime of armed bank robbery. The Third Circuit has held that armed bank robbery is a crime of violence under § 924(c)(3)'s surviving elements clause. United States v. Johnson, 899 F.3d 191, 203-04 (3d Cir. 2018) (citing

4

18 U.S.C. § 924(c)(3)(A)).

## B. Bentley's Crime of Violence

Bentley's § 924(c) conviction was predicated on armed bank robbery. Once again, in defining armed bank robbery, I explicitly instructed the jury that it could base any Count 3 conviction only on Count 2—armed bank robbery. Trial Tr. 171:11-172:9, 174:7-175:10, Jan. 6, 2012. Accordingly, even though the Indictment and Jury Verdict Sheet (Doc. Nos. 1, 86) do not specify whether Count 3 could be predicated on Count 1 or 2, the jury was instructed that only Count 2 was a crime of violence and that a guilty verdict on Count 3 had to be based on Count 2 alone. This was a correct statement of the law. See Johnson, 899 F.3d at 203-04; see also Davis, 139 S. Ct. at 2324.

In these circumstances, there was no possibility that the jury based its Count 3 verdict on Count 1. See Weeks v. Angelone, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow" the trial judge's instructions). Moreover, given that the evidence showed without contradiction that Bentley and his confederate were both active participants (and, indeed, the only participants) in the robbery, that Bentley brandished a stun gun, and that his confederate brandished a firearm, there could be "no reasonable possibility that the jury based its § 924(c) convictions only on the conspiracy as opposed to the bank-robbery counts." United States v. Wilson, 960 F.3d 136, 151 (3d Cir. 2020) (citing United States v. Duka, 671 F.3d 329, 356 (3d Cir. 2011)) (internal quotations omitted); see also United States v. Bledsoe, No. 20-2733 2021 WL 688807, at *1 (3d Cir. Jan. 11, 2021).

In sum, there was no error, and I will deny Bentley's Motion.

## IV.   CONCLUSION

I will deny Bentley's § 2255 Motion without an evidentiary hearing. Because reasonable

jurists would not debate the correctness of my ruling, I will not issue a certificate of appealability.

See Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

\*   \*   \*

AND NOW, this 29th day of October, 2021, upon consideration of Defendant Tyrone Bentley's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 150); the Government's Response to Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 168); Defendant's counseled Supplemental Reply to Government's Response (Doc. No. 175); Defendant's supplemental *pro se* submissions (Doc. Nos. 151-52, 164-66, 169-73); and all related submissions, it is hereby **ORDERED** that:

1. Defendant's Motion (Doc. No. 150) is **DENIED**;

2. A Certificate of Appealability **SHALL NOT ISSUE**;

3. The **CLERK OF COURT** shall **CLOSE** this case.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
Paul S. Diamond, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Crim. No. 10-525** |
| | : | |
| **TYRONE BENTLEY** | : | |
| | : | |

## O R D E R

On October 29, 2021, I denied Tyrone Bentley's § 2255 Motion. (Doc. Nos. 150, 176.) Now, in a *pro se* filing I have liberally construed as a Motion for Reconsideration, Bentley challenges my decision. (Doc. No. 177.) I will deny his Motion.

A party seeking reconsideration must demonstrate "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial order]...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Where a motion for reconsideration is "simply an effort to relitigate...earlier arguments," it should be denied. McCall v. Ebbert, 384 F. App'x 55, 58 (3d Cir. 2010).

Bentley argues that my October 29 Order contains clear errors of law or fact that must be corrected to prevent manifest injustice. Yet, Bentley simply seeks to relitigate the issues I properly rejected. Although he also seeks to raise a new argument—that the jury was confused during deliberations—the contention is without record support (assuming, *arguendo*, a new contention could properly be raised on reconsideration).

**AND NOW**, this 29th day of November, 2021, upon consideration of Tyrone Bentley's

*pro se* Motion for Reconsideration (Doc. No. 177), it is hereby **ORDERED** that the Motion (Doc. No. 177) is **DENIED** for the reasons stated here and in my October 29, 2021 Order.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
Paul S. Diamond, J.

**PD**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _10-525_ |
| v. | : | DATE FILED: _____ |
| TYRONE BENTLEY | : | **VIOLATIONS:** |
| | : | 18 U.S.C. § 371 (conspiracy to commit armed bank robbery - 1 count) |
| **FILED** | : | 18 U.S.C. § 2113(d) (armed bank robbery - 1 count) |
| AUG 1 2 2010 | : | 18 U.S.C. § 924(c) (using and carrying a firearm during and in relation to a crime of violence - 1 count) |
| MICHAEL E. KUNZ, Clerk | : | 18 U.S.C. § 2 (aiding and abetting) |
| By_____Dep. Clerk | | |

### INDICTMENT

### COUNT ONE

THE GRAND JURY CHARGES THAT:

1.     On or about July 3, 2010, in Feasterville Trevose, Pennsylvania, in the

Eastern District of Pennsylvania, defendant

### TYRONE BENTLEY

conspired and agreed, with another person known to the grand jury as bank robber #2, to commit

an offense against the United States, that is, to knowingly and unlawfully commit armed bank

robbery of the Wachovia National Bank, located at 3625 Horizon Boulevard in Feasterville

Trevose, Pennsylvania (hereafter "the Bank"), the deposits of which were insured by the Federal

Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(d).

## ___ MANNER AND MEANS ___

2.      It was part of the conspiracy that on or about July 3, 2010, defendant

TYRONE BENTLEY and bank robber #2 committed a gun-point robbery of the Wachovia

National Bank, located at 3625 Horizon Boulevard in Feasterville Trevose, Pennsylvania,.

### OVERT ACTS

In furtherance of the conspiracy, defendant TYRONE BENTLEY and bank

robber #2 committed the following overt acts, among others, in the Eastern District of

Pennsylvania:

On or about July 3, 2010:

1.      Defendant TYRONE BENTLEY and bank robber #2 entered the Bank

wearing masks and armed with a firearm and a stun-gun.

2.      Once inside the Bank, defendant TYRONE BENTLEY and bank robber

#2 brandished a handgun and a stun-gun, ordered the tellers to open their drawers, and demanded

money from the bank's tellers at gunpoint.

3.      Defendant TYRONE BENTLEY vaulted the teller counter and removed

cash from several teller drawers and placed it into a pillow case as bank robber #2 remained by

the front door with his gun pointed at a bank employee's back.

4.      Defendant TYRONE BENTLEY and bank robber #2 stole approximately

$38,182, and fled from the bank into a getaway car.

All in violation of Title 18, United States Code, Section 371

—   **COUNT TWO**   —

**THE GRAND JURY FURTHER CHARGES THAT:**

   1. Paragraph 2 and Overt Acts 1 through 4 of Count One of this indictment are incorporated here.

   2. On or about July 3, 2010, in Feasterville Trevose, in the Eastern District of Pennsylvania, defendant

**TYRONE BENTLEY,**

and a person known to the grand jury as bank robber #2, knowingly and unlawfully, by force and violence, and by intimidation, took, and aided and abetted the taking, from employees of the Wachovia National Bank, 3625 Horizon Boulevard in Feasterville Trevose, Pennsylvania, lawful currency of the United States, belonging to, and in the care, custody, control, management, and possession of the Wachovia National Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, and, in so doing, defendant BENTLEY and bank robber #2 knowingly and unlawfully assaulted and put in jeopardy the lives of the employees of the Wachovia National Bank, and other persons, by use of dangerous weapons, that is, a handgun and a stun-gun.

   In violation of Title 18, United States Code, Sections 2113(d) and 2.

3

## — COUNT THREE —

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 3, 2010, in Feasterville Trevose, in the Eastern District of

Pennsylvania, defendant

**TYRONE BENTLEY,**

and a person known to the grand jury as bank robber #2, knowingly carried and used, and aided

and abetted the carrying and use of, a firearm, that is, a handgun, during and in relation to a

crime of violence for which they may be prosecuted in a court of the United States, that is,

conspiracy to commit armed bank robbery, in violation of Title 18, United States Code, Section

371, and armed bank robbery and aiding and abetting, in violation of Title 18, United States

Code, Sections 2113(d) and 2.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

**A TRUE BILL:**

GRAND JURY FOREPERSON

**ZANE DAVID MEMENGER**
**United States Attorney**

4

Jury Charge

1            With respect to the law, however, we are on a
2       somewhat different footing.  It is my duty to tell you what
3       the correct rules of law are that apply in this case, and it
4       is your duty to accept the rules of law as I and I alone give
5       them to you and to apply them in this case, regardless of
6       whether or not the rules give you -- the rules I give you
7       differ from what counsel may have told you the law is or what
8       someone else may have told you the law is or what you think
9       the law is or what you think the law ought to be.

10           The defendant is charged with specific crimes in a
11      formal charging document called an indictment.  The indictment
12      defines the scope of the trial and notifies the defendant the
13      charges he is facing.  Your job as jurors is to determine
14      whether or not the Government has proved him guilty of the
15      crimes with which he is charged in the indictment.  To perform
16      that function you must understand clearly what crimes are
17      charged; therefore, I will now explain the indictment to you.

18           I will send a copy of the indictment to the jury
19      room with you to aid you in your deliberations, together with
20      a verdict sheet that corresponds to the charges in the
21      indictment.

22           Keep in mind that the indictment represents a formal
23      method of charging someone with the commission of a crime.  As
24      such, you may not consider it as evidence of the defendant's
25      guilt or draw any inference of guilt from it.  The indictment

TYRONE BENTLEY
# 54402-066
FCI Ray Brook
P.O. Box 900
Ray Brook, NY 12977

RECEIVED
DEC 1 3 2021
U.S.C.A. 3rd. CIR.

<>54402-066<>
Court Of Appeals
601 Market ST
Phila, PA 19106
United States

"The enclosed letter was processed through speci
procedures for forwarding to you. The letter has ne
opened nor inspected. If the writer raises a question
over which this facility has jurisdiction, you may wis
material for further information or clarification. If the
enclosed correspondence for forwarding to another ad
return the enclosed to the above address."

DATE: 12-8-21

FCI RAY BROOK
P.O. BOX 300 RAY BROOK, NEW YO